

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEELE SMITH, et al.;<br><br>Defendants. | Case No.: SACR 07-00264-CJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPRESS** |

Defendants Steele Smith, Theresa Smith, Alexander Valentine and Dennis LaLonda (collectively "Defendants") have been indicted for two violations of Title 21 of the United States Code: growing marijuana in violation of § 841(a)(1) and conspiracy to grow marijuana in violation of § 846. Plaintiff United States of America (the "Government") moves to suppress evidence which may be offered by Defendants for the proposition that their cultivation of marijuana was legal (or that Defendants had a good faith belief it was legal) under California law because it met the requirements of the Compassionate Use Act of 1996, Cal. Health & Safety Code § 11362.6 (the "Compassionate Use Act"). (Mtn. at 1-2.) The Government further seeks to prevent

-1-

Defendants from relying on the medicinal applications of marijuana to appeal to the jury's sympathy or provoke jury nullification. (*Id.*)

In *United States v. Oakland Cannabis Buyer's Cooperative*, 532 U.S. 483, 498-99 (2001), the Supreme Court held that the medical necessity of marijuana is not a legally cognizable defense to a violation of the Controlled Substances Act. In that case, a medical marijuana distribution cooperative (the "Cooperative") violated an injunction prohibiting them from distributing, manufacturing or possessing controlled substances. *Id.* at 487. In contempt proceedings initiated after the Cooperative violated the injunction, the district court prohibited the Cooperative from relying on the medicinal nature of marijuana as a defense against its non-compliance. *Id.* at 487-88. The Ninth Circuit, however, reversed and remanded on the grounds that the "medical necessity defense was a 'legally cognizable defense.'" *Id.* at 488 (*quoting* 190 F.3d 1109, 1114 (9th Cir. 1999)). The Supreme Court disagreed. *Id.* at 483. Necessity defenses, the Court explained, are typically statutorily-created defenses. *Id.* at 490. While the Court did not rule out the concept of a common law necessity defense entirely, creation of a medical necessity defense for a Controlled Substance Act charge would directly contradict the statute, which "leave[s] no doubt that the defense is unavailable." *Id.* at 491. Accordingly, the Supreme Court rejected the medical necessity defense to Controlled Substance Act charges, even under circumstances were customers and users were "seriously ill" and "lacking 'alternatives.'" *Id.* at 494 n.7. Thus, under *Oakland Cannabis Buyer's Cooperative*, the Compassionate Use Act is not a defense available to Defendants.

Defendants, however, argue that they are entitled to offer certain evidence related to the medical uses of marijuana for the purpose of establishing an entrapment by estoppel defense. (Opp'n at 7-11.) The entrapment by estoppel defense "applies when a government official tells a defendant that certain conduct is legal and the defendant

commits what would otherwise be a crime in reasonable reliance on the official's representation." *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994). Defendants argue the defense is applicable here because the Fullerton Police Department learned in February or March 2007 that Mr. Steele grew marijuana at his residences on Gage and Euclid Streets in Fullerton. Around that time, police responded to a domestic disturbance call at the Gage Street residence and observed several hundred marijuana plants under cultivation. (Declaration of Theresa Smith ("T. Smith Decl.") ¶¶ 2, 4.) Defendant Theresa Smith explained to the officers that the marijuana was for medicinal purposes, her husband was a primary caregiver under the Compassionate Use Act, and he maintained appropriate documentation according to the law. (*Id.* at ¶¶ 5-6.) The officers searched the home and videotaped the grow operation. (*Id.* at ¶ 7.) Also within this two month period, Fullerton police responded to an unidentified complaint at the Euclid Street residence. (*Id.* at ¶¶ 9, 11.) Ms. Smith testifies that officers again observed the grow operation and were told of the intended medicinal use. (Id. at ¶¶ 11-12.) Defendants argue that, despite observing the growth and presence of marijuana in the Fullerton residences, the Fullerton police never advised Defendants such activities were in violation of federal law, or were in any other way illegal,[1] (*id.* at ¶ 15), thus tacitly endorsing their behavior. Approximately eight months later, on November 1, 2007, federal agents executed a search warrant on both residences, arrested those individuals present, and seized the marijuana plants.

Under the facts as proffered by Defendants, the entrapment by estoppel defense cannot apply for two reasons. First, to assert entrapment by estoppel as a defense against

---

[1] The Government has submitted contradictory evidence in the form of the declaration of Fullerton narcotics detective Rhonda Clegget. Detective Clegget states that she "told [Steele] Smith that he was likely in violation of Fullerton municipal law . . . . [She] also told [Mr.] Smith that [she] needed to do further investigation into the legality of the business under state law . . . ." (Declaration of Rhonda Cleggett ¶ 11.) Detective Cleggett further testifies that she "never told [Mr.] Smith about the legality of his conduct under federal law. [She] also never told Smith that he was compliant with state or local law." (*Id.* at ¶ 13.)

-3-

federal charges, "a defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who . . . has been granted the authority from the federal government to render such advice." *United States v. Brebner*, 951 F.2d 1017, 1027 (9th Cir. 1991) (holding that reliance on the representations of state and local law enforcement officials was insufficient to support an entrapment by estoppel defense); *see also United States v. Allen*, 699 F.2d 453, 458 n.1 (9th Cir. 1982) (rejecting reliance on a state parole officer's statements); *United States v. Etheridge*, 932 F.2d 318, 321 (4th Cir. 1991) (rejecting reliance on advice from a state trial judge). Defendants cite *United States v. Tallmadge* for the proposition that non-federal officials may offer advice on behalf of the federal government. 829 F.2d 767, 773 (9th Cir. 1987) (holding that firearms dealers are authorized by the federal government to render advice on the legality of their customers' weapons possession). To that end, Defendants cite several statutes describing federal-state cooperation in law enforcement and narcotics investigations. (Opp'n at 9 (*citing* 5 U.S.C. §§ 3372(a) and 3371 (authorizing the Attorney General to utilize services of state agencies to enforce narcotics laws); 21 U.S.C. § 878 (authorizing state and local law enforcement officers to execute warrants and arrests for violations of federal law)).

To meet the requirements of the defense, however, more than intergovernmental cooperation is required; the Fullerton police department must have been authorized to render advice about the legality of the marijuana grows under federal law. *See Brebner*, 951 F.2d at 1027. In *Tallmadge*, the firearms dealer was licensed by the federal government and was required to complete a "Firearms Transaction Record" form to determine if the purchaser was legally-entitled to possess a weapon. 829 F.2d at 774. Congress affirmatively "placed a duty on firearms dealers to question their customers regarding a possible criminal record." *Id.* Here, Defendants have only offered evidence that federal law authorizes state law enforcement agents to be used for federal law enforcement purposes. There is no evidence that federal law placed any duty on

Fullerton police to enforce federal laws prohibiting the growth or distribution of marijuana, or to determine whether such conduct was in accordance with federal law. Absent such circumstances, the federal government cannot be prevented from enforcing its laws based on unauthorized advice allegedly rendered by state officials. *See Brebner*, 951 F.2d at 1026 (rejecting the entrapment by estoppel defense because state officials "lacked the authority to bind the federal government to an erroneous interpretation of federal law").

The entrapment by estoppel defense is also inapplicable here because Defendants did not rely on any affirmative representations by Fullerton police. The Ninth Circuit has unequivocally required an affirmative statement by a federal or federally-authorized official. *See id.* at 1026 (requiring evidence of "affirmative misleading" in order for the defense to apply); *United States v. Hancock*, 231 F.3d 557, 567 (9th Cir. 2000) (*quoting United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) ("[T]he defendant must show 'that the government affirmatively told him the proscribed conduct was permissible.'"). The statement must be a definitive declaration that certain conduct is condoned; even "vague or contradictory" statements are insufficient. *See Hancock*, 231 F.3d at 567. Defendants contend the Fullerton police acquiesced to the growing and distribution of marijuana for medicinal purposes by investigating and videotaping the grows, but choosing not to arrest Defendants or seize the plants. Defendants do not suggest Fullerton police made any affirmative representations that their conduct was legal under federal law. Without any affirmative representations by government officials, the entrapment by estoppel defense cannot apply. *See Brebner*, 951 F.2d at 1026; *Hancock*, 231 F.3d at 567. Defendants are thus precluded from offering evidence to establish an entrapment by estoppel defense.

Despite the unavailability of the aforementioned defenses, Defendants are nonetheless entitled to testify, should they so choose, about why and for what purpose

they cultivated marijuana. Such testimony will allow the jury to understand the context within which the alleged crimes took place. *See United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992) (*quoting United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)) ("The jury cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.") Defendants may not, however, offer third-party witnesses to prove up any aspect of their testimony, such as expert testimony on the medicinal effects of marijuana or the legality of Defendants' conduct under the Compassionate Use Act. If Defendants choose to testify about the motivation for their conduct, the jury will be provided with the appropriate limiting instructions explaining their duty to follow the law as instructed by the Court, and the inapplicability of the Compassionate Use Act as a defense to federal charges.

**CONCLUSION**

Accordingly, the Government's motion to suppress evidence of the medicinal nature of marijuana or its legality under California law is GRANTED IN PART AND DENIED IN PART.

DATED: April 28, 2008

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE