1   Law Offices of Eric D. Shevin
Eric D. Shevin, Esq. (State Bar No. 160103)
2   Stephen J. Fisch, Esq. (State Bar No. 240774)
Meital Manzuri, Esq. (State Bar No. 258256)
3   15260 Ventura Blvd., Suite 1050
Sherman Oaks, CA 91403
4   Telephone: (818) 784-2700
Facsimile: (818) 784-2411
5
6   Attorneys for Defendant
STEELE SMITH
7
8                   UNITED STATES DISTRICT COURT
9              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11  THE UNITED STATES OF AMERICA,        Case No. 07 - 264 - CJC
12                          Plaintiff,    **NOTICE OF MOTION AND MOTION IN
                                          LIMINE TO ALLOW DEFENDANT TO
13            vs.                         PRESENT A MISTAKE OF LAW DEFENSE**
14
15  STEELE SMITH
16                          Defendant.

TO THE HONORABLE COURT AND THE U.S. ATTORNEY OR HIS REPRESENTATIVE:

17          PLEASE TAKE NOTICE that on November 30, or as soon thereafter as the matter may be
18  heard in Department 9B of the Santa Ana District Courthouse, STEELE SMITH through counsel of
19  record, ERIC D. SHEVIN will, and hereby does, move to be allowed to present a defense as required
20  under Procedural Due Process.  This motion is made pursuant to the Fifth Amendment to the United
21  States Constitution.
22          This motion is made on the grounds that STEELE SMITH relied on several officials'
23  interpretations of the law, and acted in accordance with these interpretations.  The court must be
24  allowed to hear the full circumstances under which Mr. Smith acted, and thus he must be allowed to
25  present evidence showing he was acting lawfully.  Due Process requires Mr. Smith be allowed the
26  opportunity to be heard, which in this case requires a mistake of law defense.
27          Said motion to present a defense is based on this Notice of Motion, the attached
28

**MOTION TO PRESENT A DEFENSE**                    -1-                    07 - 264 – CJC

1

2

Memorandum of Points and Authorities, such supplemental pleadings that may be filed in the course

of this motion, the documents and records on file in this action and on any evidence and argument to

3

be presented at the hearing on this motion.

4

5

6

      Respectfully submitted,

7

8

9

      DATED: 11/24/2009

10

11

12

13

                                   /s/ Eric D. Shevin
                                   Eric D. Shevin: Ca State Bar 160103
                                   Attorney for STEELE SMITH
                                   Law Offices of Eric D. Shevin
                                   15260 Ventura Blvd., Suite 1050
                                   Sherman Oaks, Ca 91403
                                   Telephone: 818-784-2700
                                   Facsimile: 818-784-2411

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PURSUANT TO PROCEDURAL DUE PROCESS UNDER THE FIFTH AMENDMENT, MR. SMITH SHOULD BE ALLOWED TO PRESENT A COMPLETE DEFENSE.

### A.

### Mr. Smith Should be Allowed to Present a Mistake of Law Defense Based on Medical Grounds Under Due Process.

Under Procedural Due Process, an individual must be afforded the opportunity to be heard. See e.g., *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004). The opportunity to be heard includes the right to present a defense. *Id.* In this case, an adequate defense necessarily includes Mistake of Law. First, Mr. Smith did not have the requisite mens rea to justify a conspiracy conviction. Second, he relied upon a valid law and several official interpretations of that law. Finally, a mistake of law defense is warranted because State and Federal medical marijuana laws are in conflict, and it is reasonable that Mr. Smith thought he was acting lawfully. Accordingly, Mr. Smith's honest and legal intentions should be allowed as a mistake of law defense with regard to the charges contained within the indictment.

### B.

### Mistake of Law Negates the Specific Intent of a Conspiracy Charge.

Conspiracy is a "specific intent" crime. *U.S. v. Blair*, C.A.10 (Okla.) 1995, 54 F.3d 639, *certiorari denied* 516 U.S. 883. The specific intent required for the crime of conspiracy is the intent to advance or further the unlawful object of the conspiracy. *United States v. Haldeman*, 559 F.2d 31, 112 (D.C. Cir. 1976).

The law generally assumes that defendants have the requisite mens rea if they take knowing and voluntary actions, whether or not they knew the conduct was criminal.  An exception exists for crimes that require specific intent.  See *Cheek v. U.S.,* 498 U.S. 192 (1991).  Good faith reliance on an official interpretation of law undermines a charge requiring specific intent because the test for specific intent focuses on the actor's subjective state of mind, and thus reliance ordinarily need not even be reasonable. See *Cox v. Louisiana*, 379 U.S. 559, 571 (1965).

"The difference between a specific intent and general intent crime involves the way in which the intent is proved - whether by probing the defendant's subjective state of mind or whether by objectively looking at the defendant's behavior in the totality of the circumstances." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1194 (9th Cir. 2000).

Thus, the prosecution has the burden of proving the subjective intent of Mr. Smith to prevail on a conspiracy count.

## C.

**Due to Mr. Smith's Good Faith Reliance on Valid State Law and Several Official Interpretations of the Law, This Court Should Allow Mr. Smith to Present a Mistake of Law Defense.**

Due Process prevents the conviction of an individual who reasonably relies on an official's interpretation of the law.  See *Cox v. Louisiana*, 379 U.S. 559, 571 (1965).  In *Cox*, protesters were arrested after relying on a police officer's assertion that they could, in spite of contrary law, protest near a courthouse.  *Id.*  There, the Supreme Court ruled that a single police officer's assertion of law was sufficient to justify the Defendant's conduct and allowed him to present a mistake of law defense.  *Id.*  In the instant case, Mr. Smith relied on the Compassionate Use Act, a valid California law, set forth in California Health and Safety Code 11362.5.  Not only did he rely on this law, but also on several different official interpretations of the law to create his lawful medical marijuana

collective.  First, it is noteworthy that Mr. Smith completed two years of law school at Western School of Law.  Accordingly, he has a basic knowledge of how to research the law and gather information.  Mr. Smith consulted his attorney, William Paoli of the law firm Teller, Paoli, and Purdy, to be certain his collective was following California Law.  They had several consultations about the law and how to stay within the guidelines of a lawful medical marijuana collective.

To comply with these rules, Mr. Smith set up a legitimate business, California Compassionate Caregivers ("C3").  C3 was registered with a business license in the cities of Anaheim and Garden Grove and those business licenses were posted on the wall of his office.  C3 was an established 501 non-profit corporation.  Mr. Smith had credit lines with Orange County Farm Supply and Orange County Hydroponics.  Moreover, he paid his taxes and provided durable medical equipment to his patients, free of charge.  For example, there was a storage facility at the Euclid premise that housed 8 wheelchairs, walkers, porta-potties, and wheelchair racks for cars.  C3 used special packaging for the medicine that was permanently sealed and not reusable or transferable, issued patient ID cards, tried to follow pharmacy-labeling requirements, had stationary and business cards, and was operating openly and notoriously.  Accordingly, Steele Smith was operating a legitimate business and did not have any intent to break the law.

In full belief that he was conducting a collective lawfully, Mr. Smith allowed the Fullerton Police to document his grow operation thoroughly.  The officers came in and filmed, took photos, and interviewed Mr. Smith.  Mr. Smith gladly showed them everything he had and the lead officer even complimented him on the cleanliness and legitimacy of the operation.  Not surprisingly, neither the Fullerton Police nor the Orange County Prosecutors brought any charges against him.

Following his contact with law enforcement and the lack of any charges being filed against Mr. Smith, he proceeded under the impression that his actions were lawful for nine months until

federal agents executed a raid.  Despite Mr. Smith's conscious adherence to state law and prudent regard for the law, the current charges were instituted against him.

It is undeniable that Mr. Smith made a bona fide effort to follow a valid state law.  Moreover, his belief of such laws' validity is reasonable.  This is further evidenced by the California Attorney General Guidelines for setting up a lawful collective in California.  (Attached as Exhibit A).  Accordingly, Due Process and every traditional notion of justice requires Mr. Smith be allowed to present a mistake of law defense.

**D.**
**Under the Reasoning in *Cheek v. United States*, a Mistake of Law Defense Should be Allowed Here.**

Due to the complex nature of tax laws, the Supreme Court held that a defendant must have the specific intent to violate tax law, and can present a mistake of law defense.  See *Cheek v. United States*, 498 U.S. 192 (1991).  "The proliferation of statutes . . . has made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by tax laws."  *Id.* at 199.  Similarly, this case involves a dueling dichotomy of regulations and laws relating to marijuana.  California state law provides rights and means for valid medical patients to use marijuana as medicine.  Federal narcotic statutes treat marijuana the same as other illegal narcotics and mandates mandatory minimum prison sentences in the majority of cases.  Due to the confusing and unsettled nature of medical marijuana laws, and Mr. Smith's reliance on state laws, a mistake of law defense should be allowed.

//

//

**E.**
**The Rationale Behind the General Unavailability of a Mistake of Law Defense Does Not Apply Here.**

The rationale behind the general unavailability of a Mistake of Law Defense is that the law is finite and knowable, and thus ignorance of the law is no excuse.  See *Cheek v. United States,* 498 U.S. at 199.  As stated above, the Court in *Cheek* allowed for the mistake of law defense because "the proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend [the law] . . ."  Similarly, medical marijuana law is not finite, nor knowable.

As discussed in the motion to dismiss for a violation of Due Process (filed concurrently herewith), the United States' Supreme Court has, thus far, sent an unclear message as to which law should supersede the other.  In *Raich*, for example, the plaintiffs sought an injunction against the Federal Government, effectively asking the court to invalidate the CSA as it applies to medical marijuana patients.  Although the Court upheld the CSA, it limited the application of the *Raich* decision to the boundaries of the Commerce Clause.  Notwithstanding its decision in *Raich*, the Supreme Court showed its tacit approval of state medical marijuana laws by refusing to review *City of Garden Grove v. Superior Court of Orange County, Felix Kha*, 157 Cal.App. 4th 355 (4th Dist. Ct of Appeal 2007).  Defendant Kha was caught with a third of an ounce of marijuana and the case was dismissed because the defendant was a medical marijuana patient.  *Id.*  The issue then became whether to return his medical marijuana, a Schedule 1 controlled substance under federal law, or not.  *Id.*  The Fourth District Court of Appeal ruled Defendant Kha was entitled to the return of his property.  *Id.* at 390.   Since the California Supreme Court and the U.S. Supreme Court both refused to review the decision the *Kha* case stands as authority.  *Id.*

Moreover, it is noteworthy that nowhere within the California Attorney General Guidelines are there warnings that compliance with said guidelines is a direct violation of federal law, and would

subject someone to serious federal consequences.  In fact, the Attorney General Guidelines clearly state that no conflict exists merely because state law and Federal law treat marijuana differently.  (See Attorney General Guidelines p.3, Attached as Exhibit A)  Since medical marijuana law is particularly unknowable, the rationale that ignorance is no excuse, does not apply here.  Accordingly, Mr. Smith should be afforded the mistake of law defense.

**F.**

**This Court Should Allow Third Party Witnesses to Testify because the Jury needs to Know Mr. Smith Followed a Valid Law.**

In this Court's order granting in part and denying in part the Government's motion to suppress, it was ordered that no Third Party Witnesses be allowed to testify about the medicinal benefits of marijuana, nor the legality of the Compassionate Use Act.  As this Court quoted "The jury cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis for the charge." *See* United States v. Daly, 974 F.2d 1215, 1216 (9th Cir. 1992).  Respectfully, the defense requests the court *reconsider* the fact that a void is created without testimony showing the medicinal effects of marijuana and third party witnesses to demonstrate that valid California law supports what Mr. Smith presumed to be lawful conduct.

Solely allowing Mr. Smith to testify about his motivations is not enough to fully inform the jury.  Jurors must know the extent of the confusion present here.  They must know that there are two valid laws – one state and one federal – that directly contradict.  An explanation of the laws and how California's law was validly passed and thereafter applied is necessary for the jury to make an informed decision.

Moreover, most jurors will not have any knowledge of the legitimate medical benefits of medical marijuana.  This information is absolutely necessary to portray an accurate picture of the case at bar.  The distinction between the lawful medical distribution of a drug versus the portrayal of an unlawful drug dealer is paramount to the issues involved here.

Accordingly, this Court should allow expert testimony about the medicinal benefits of marijuana and the legality of the Compassionate Use Act.

**1.  In the alternative, these proceedings should be stayed because there is legislation pending that would allow for medical evidence to be introduced in federal marijuana cases.**

On October 27, 2009, Representative Sam Farr (D-CA) reintroduced H.R. 3939, the Truth in Trials Act, which would allow defendants in federal medical marijuana prosecutions to use medical evidence in their defense. The bill currently has 28 cosponsors and has been endorsed by more than three-dozen advocacy, health, and civil liberties organizations. It is before the House Judiciary Committee.

The introduction of this bill and its widespread support shows recognition amongst politicians and the general community that maintaining the status quo promotes injustice.  Mr. Smith should be afforded the benefit of this bill if it passes and thus, as an alternative, this Court should stay the proceedings until the House votes on H.R. 3939.

//

//

//

//

MOTION TO PRESENT A DEFENSE                    -9-                         07 - 264 – CJC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## CONCLUSION

For the foregoing reasons, Mr. Smith hereby respectfully requests this Court allow him to present an adequate defense, which necessarily includes a mistake of law defense to include third party experts and witnesses.

Respectfully submitted,

DATED: 11/24/2009                    /s/ Eric D. Shevin
                                     Eric D. Shevin: Ca State Bar 160103
                                     Attorney for STEELE SMITH
                                     Law Offices of Eric D. Shevin
                                     15260 Ventura Blvd., Suite 1050
                                     Sherman Oaks, Ca 91403
                                     Telephone: 818-784-2700
                                     Facsimile: 818-784-2411