ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICK W. McLAUGHLIN
California State Bar No. 89657
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-0142
     E-mail: patrick.mclaughlin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 07-264-CJC |
| Plaintiff, | **STIPULATION REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER THE SPEEDY TRIAL ACT** |
| v. | |
| STEELE SMITH, THERESA SMITH, ALEXANDER VALENTINE, DENNIS LALONDE, | Current Trial Date: April 27, 2010 |
| Defendants. | Proposed Trial Date: July 27, 2010 |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Patrick W. McLaughlin, and defendants Steele Smith, through his counsel of record Colin O'Neill; Theresa Smith, through her counsel of record C. Thomas McDonald; Alexander Valentine, through his counsel of record Thomas Wolfsen; and Dennis LaLonde, through his

present counsel of record Kenneth A. Reed, hereby stipulate as follows:

1. The Complaint in this case was filed on November 2, 2007. Defendants first appeared before a judicial officer in the court in which these charges are pending on November 2, 2007.

2. The Indictment in this case was filed on November 16, 2007. Defendants were arraigned on the Indictment on November 26, 2007. Defendants' trial date was set for January 8, 2008.

3. The Speedy Trial Act of 1974, Title 18, United States Code, Section 3161, originally required that the trial take place on or before January 24, 2008. The case is currently set for trial on April 27, 2010.

4. Defendants and the government jointly request that the Court continue the trial date from April 27, 2010 to July 27, 2010 for the reasons set forth below.

5. The parties agree, stipulate, and request that the Court find the following:

   a) From approximately December 3, 2007 until approximately December 13, 2007, the government produced a considerable amount of discovery to defendants, including over 450 pages of written materials as well as four compact disks containing video and photographic items.

   b) The present case is of a relatively complex nature, involving four defendants charged with membership in a drug manufacturing conspiracy, and evidence derived from the execution of four search warrants by federal and state authorities.

      c)   Several of the parties have conducted additional discovery with respect to a motion *in limine* filed by the government in this case, and which discovery may lead to a resolution of this case.

      d)   On September 21, 2009, defendant Steele Smith filed a Motion to Suppress Evidence, and a Motion to Quash Search Warrant. The government is preparing a response to this motion, which may very well lead to a resolution of this case.

      e)   On November 25, 2009, defendant Steele Smith filed a Motion to Dismiss for Violations of Due Process and State Sovereignty. On the same day, defendant Steele Smith filed a Motion in Limine to Allow Defendant to Present a Mistake of Law Defense. The government is preparing responses to these motions, which may very well lead to a resolution of this case.

      f)   Counsel for defendant Valentine has been experiencing serious back problems which will necessitate surgery in the near future.

      g)   Counsel for defendants believe that, based on the volume of discovery produced, the relatively complex nature of the instant case, and the unavailability of counsel for defendant Valentine, they and their respective clients will need additional time beyond April 27, 2010 to review this material in order to prepare for trial or otherwise resolve this case. Counsel for defendants each believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The government joins in the request for a continuance as counsel for the government needs additional

time to explore what impact, if any, the most recent policy statements from the Department of Justice concerning medical marijuana will have on a resolution of this case.

   h) Counsel for defendants further believe that failure to grant the continuance would result in a miscarriage of justice because defense counsel will not have sufficient time to confer with their respective clients, conduct additional factual investigation and legal research, review potential evidence in this case, including hundreds of pages of discovery and video and photographic materials produced by the government, and to prepare for trial in the <u>unlikely</u> event that a pretrial resolution of the charges does not occur. As stated above, the government joins in the request for a continuance.

   i) Based on the reasons set forth above, defendants and their respective attorneys of record, as well as the government, submit that in this matter the ends of justice served by continuing the case as requested outweigh the interest of the public and each of the defendants in a trial by the current date prescribed by the Speedy Trial Act.

  6. Defendants and their respective counsel of record, as well as the government, request that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, within which trial must commence, the time period from April 27, 2010 to July 27, 2010, inclusive, be deemed excludable, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(I), and 3161(h)(8)(iv), because it would result from a continuance granted by the Court at the request of defendants, and joined in by the government, on the basis of the Court's finding that the

1  ends of justice served by taking such action outweigh the best
2  interest of the public and the defendants in a speedy trial.
3  Specifically, the parties submit that failure to grant the
4  continuance requested by defendants would deny their respective
5  counsel the reasonable time necessary for effective preparation,
6  taking into account the exercise of due diligence, and would
7  result in a miscarriage of justice.
8         7.    The parties agree, stipulate and request that the Court
9  find that nothing in this Stipulation and Order shall preclude a
10 finding that other provisions of the Speedy Trial Act dictate
11 that additional time periods are excludable from the period
12 within which trial must commence.
13        8.    Counsel for defendants represent that they have each
14 conferred with their respective clients regarding the continuance
15 of the trial date requested herein, have advised them of their
16 rights under the Speedy Trial Act, and that each of their clients
17 knowingly, voluntarily, and individually waives their rights
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  under the Speedy Trial Act, and agrees to the continuance
2  requested in this stipulation.
3  IT IS SO STIPULATED.

DATED: April 15, 2010

ANDRÉ BIROTTE JR.
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_/s/_____
PATRICK W. McLAUGHLIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: April 15, 2010

_/s/_____
COLIN O'NEILL

Attorney for Defendant
STEELE SMITH

DATED: April 15, 2010

_/s/_____
C. THOMAS McDONALD

Attorney for Defendant
THERESA SMITH

DATED: April 15, 2010

_/s/_____
THOMAS WOLFSEN

Attorney for Defendant
ALEXANDER VALENTINE

DATED: April 15, 2010

_/s/_____
KENNETH A. REED

Attorney for Defendant
DENNIS LALONDE